# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

**DARRELL DEMETRIUS CROSS,**           :
                                        :
        **Plaintiff,**                :
                                        :
        v.                           :   No. 5:17-cv-00342-MTT-CHW
                                        :
**Deputy Warden LEE,** *et al.,*        :
                                        :
        **Defendants.**              :
                                        :
_____:

## ORDER

Plaintiff Darrell Demetrius Cross, an inmate in the Telfair State Prison in Helena, Georgia, filed a "Motion to Dismiss, Amend, et.," which was docketed in this Court as a motion for a permanent injunction. Mot. for Permanent Inj., ECF No. 1. Plaintiff also petitioned the Court to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Mot. for Leave to Proceed *In Forma Pauperis*, ECF No. 2. On October 6, 2017, Plaintiff was denied leave to proceed *in forma pauperis* and ordered to pay the $400.00 filing fee because the documents submitted to this Court indicated that Plaintiff had the ability to pay the $400.00 filing fee. Order, Oct. 6, 2017, ECF No. 6. Plaintiff was also ordered to recast his complaint if he wanted to proceed with this action. *Id.* at 2-3.

Thereafter, Plaintiff did not pay the filing fee or recast his complaint. Instead, Plaintiff filed a letter to the Court, in which he asked the Court to stop sending him correspondence and indicated that he had filed an appeal in a separate case, which was

pending before the Eleventh Circuit. Letter, ECF No. 7. The letter appeared to indicate that Plaintiff may have wished to dismiss this action. *See id.*

Thereafter, Plaintiff was ordered to show cause why his action should not be dismissed for failure to comply with the Order directing him to recast his complaint and pay the filing fee. Order, Nov. 9, 2017, ECF No. 8. Alternatively, Plaintiff was informed that he could file a response confirming that he wished to voluntarily dismiss the action. *Id.* at 2. Plaintiff was given twenty-one days to respond and was cautioned that his failure to do so would result in the dismissal of this action. *Id.*

To date, Plaintiff has not responded to the show cause order. To the contrary, the order was returned to this Court with a notation that Plaintiff had refused his mail, stating that he did not have a case in this Court and that any mail from the Athens division of this Court should be returned. Mail Returned, ECF No. 9. Thus, it appears that Plaintiff did intend to dismiss his action, which he may do at this stage of the proceeding without leave of the Court. *See* Fed. R. Civ. P. 41(a)(1)(A).

Alternatively, even if Plaintiff did not intend to voluntarily dismiss his action, dismissal is nevertheless appropriate in light of Plaintiff's failure to respond to the Court's orders or to otherwise prosecute this case. *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing Fed. R. Civ. P. 41(b) and *Lopez v. Aransas Cty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

Accordingly, for the reasons discussed above, Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**, this 5th day of December, 2017.

                                             S/ Marc T. Treadwell
                                             MARC T. TREADWELL, JUDGE
                                             UNITED STATES DISTRICT COURT